**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MARLA MARIE DAVIS,

        Plaintiff-Appellant,

   v.

MANDARICH LAW GROUP, a California
limited liability partnership; et al.,

        Defendants-Appellees.

No.   18-15702

D.C. No. 5:14-cv-03892-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted December 5, 2019
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,[**]
District Judge.

    Marla Marie Davis appeals from the final judgment of the district court

confirming an arbitration award in favor of Mandarich Law Group and associated

defendants under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

§ 1692 *et seq.* During the course of the appeal, Mandarich raised a question as to whether Davis has Article III standing. We vacate the judgment and remand to allow the district court to evaluate standing in the first instance.

In this putative class action, Davis alleges that Mandarich violated the FDCPA when, in the course of debt-collection litigation brought against her in California state court, it sent her a declaration that purported to comply with California Code of Civil Procedure § 98 but was in fact inconsistent with that provision. According to Davis, Mandarich's conduct violated the FDCPA because debt collectors "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and "may not use unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f; *see also id.* § 1692e(5) (prohibiting "threat[s] to take any action that cannot legally be taken"); *id.* § 1692e(10) (prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt").

As the party invoking federal jurisdiction, Davis "bears the burden of establishing the elements of Article III jurisdiction," including standing. *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019). To have standing under Article III, a plaintiff must show "an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560 (1992)). "[F]or Article III purposes, it is not enough for a plaintiff to allege that a defendant has violated a right created by a statute; we must still ascertain whether the plaintiff suffered a concrete injury-in-fact due to the violation." *Id.*; *see Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

There is a serious question whether Davis has adequately alleged an injury in fact—or whether she could do so if given leave to amend her complaint. Mandarich, however, did not raise the issue until its brief on appeal, offering just over two pages on the question. Because standing affects our subject-matter jurisdiction, it is not subject to waiver or forfeiture. *See Renee v. Duncan*, 686 F.3d 1002, 1012 (9th Cir. 2012). But since the briefing on standing is so limited, we conclude that the better course would be to allow the district court to consider the issue in the first instance.

We vacate the judgment and remand to the district court to determine whether Davis has Article III standing. If the court answers that question in the negative, it should dismiss the complaint for lack of jurisdiction. If the court answers that question in the affirmative, it may reinstate the judgment or conduct whatever further proceedings it deems appropriate, including revisiting any other issues raised by the parties. In particular, the court may revisit Davis's argument that the Forward Flow Agreement did not convey a right to compel arbitration because the Forward Flow Agreement excluded the use of arbitration "for

collection of debt or otherwise in connection with the Accounts purchased."

**VACATED and REMANDED.**

The parties shall bear their own costs.